DOROTHY G. McKAY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 35195.    Filed April 28, 1955.

*Arthur H. Diebert, Esq.*, and *A. L. Burford, Jr., Esq.*, for the petitioner.

*George E. Constable, Esq.*, for the respondent.

OPINION.

Turner, *Judge:* There is no apparent disagreement between the parties as to the amount or sources of the income involved. Further, the facts show that all of the income, except for $336 rental received on petitioner's Portlock Road property, the $36 received by Murphey, presumably as fees of some sort from the circuit court in Honolulu, and the retirement pay received by him from the Navy, was from property which had become Murphey's separate property under the settlement agreement of May 31, 1946. That Spud's was operated at a loss during 1947 is an accepted fact, and the respondent has made no determination or claim that Murphey was engaged in any other business or occupation. In short, the facts show that if the income from the property which became Murphey's separate property under the settlement agreement of May 31, 1946, be eliminated, there can be no deficiency in this case.

It is the position of the respondent that, by operation of the community property laws of Hawaii in effect in 1947, the income from the separate properties of a husband and wife was community income. He also contends that petitioner and Murphey, when they were remarried in October of 1946, made an agreement whereby the income herein was to be community income; and by affirmative plea in an amendment to his answer, he also claims that petitioner, by filing an income tax return which was designed to report the income on Murphey's separate property as community income, is now estopped from contending otherwise. The petitioner takes the contrary position on all three points.

While we think the evidence plainly and clearly refutes the respondent's claim that petitioner and Murphey at the time of their remarriage in October of 1946 entered into an agreement that the income from Murphey's separate property would thereafter be community income, we are satisfied that the respondent is correct in his interpretation of the community property law, and that by operation of that law, the income from Murphey's separate property during the period the marriage continued was community income.

The community property law was enacted by the Legislature of Hawaii at its Regular Session of 1945, by adding new sections 12391.01 to 12391.18, inclusive, as Chapter 301A of the Revised Statutes of Hawaii. By section 12391.01, it was provided that all property, both real and personal, of the husband before marriage and all property thereafter acquired by him by gift, devise, bequest, or descent, and all substitutions therefor, should continue to be his separate property.

Section 12391.02 of the act contained identical provisions as to the separate property of the wife. The property which under the statute would be community property was covered in section 12391.04 as follows:

Sec. 12391.04. *Community property.* Except as otherwise provided in this chapter, all property, both real and personal, including earnings of the husband and earnings of the wife and including rents, issues, income and other profits of the separate property of the husband and rents, issues, income and other profits of the separate property of the wife, acquired by the husband or by the wife after marriage or on or after the effective date of this chapter, whichever is the later, shall be community property of the husband and wife, and each shall be vested with an undivided one-half interest therein. The respective interests of the husband and the wife in such community property shall be present, existing and equal interests. The respective interests of the husband and the wife in such community property shall arise as an incident of marriage.

It is the claim of the respondent that under the provision quoted the income from the separate property of Murphey was community income, one-half of which is taxable to petitioner, in keeping with the reporting by her and by Murphey, and in keeping with his determination. Petitioner, on the other hand, argues that the provision quoted is applicable to the income from separate property of the spouses only if the separate property producing the income was itself acquired after marriage.

So far as we have been able to determine, there have been no court decisions construing the section in question and if there is anything to be had in the nature of a legislative history, it has not been called to our attention, and we have not found it. We are accordingly left to the language itself and to our best judgment of its meaning and intent.

It is to be remembered that while sections 12391.01 and 12391.02 provide that the separate property of the spouses at the time of marriage and all property thereafter acquired separately by gift, devise, bequest, or descent, and all substitutions therefor, shall be and continue to be the separate property of the respective spouses, they contain no provision with respect to the income from such separate property, regardless of whether such separate property was acquired before or after marriage. Furthermore, the only section of the act specifying the character of income from property, whether separate or community, is section 12391.04, and if it be said, as petitioner contends, that that section has to do only with the income of separate property, where the separate property itself was acquired after marriage, then there is an absence in the statute of any provision dealing with the income from the separate property of the spouses, which separate property was owned by them at the time of their marriage.

From an examination of the language of section 12391.04, in connection with the statute as a whole, it is our view and we hold that

the provision was not intended to be limited in its application in the manner contended for by the petitioner, but rather, it was intended that the income received after marriage from all of the separate property of the spouses was to be community income, regardless of whether the separate property itself was acquired before or after marriage.

In so concluding, we have not overlooked the opening words of section 12391.04, which makes the provisions of that section applicable to all property, including income, of the husband and of the wife "Except as otherwise provided in this chapter." The "Except as otherwise provided in this chapter" provisions in the act, other than sections 12391.01 and 12391.02, previously referred to, appear to be sections 12391.03, 12391.05, 12391.06, and 12391.07. Section 12391.03 provides that all property or moneys received as compensation for personal injuries shall be the separate property of the spouse sustaining the injuries. By section 12391.05, it is provided that there shall be a rebuttable presumption that all property acquired by either spouse after marriage shall be community property. In section 12391.06, it is provided that a husband and wife may hold property as joint tenants, tenants in common, tenants by the entirety, or as community property, but that there is a rebuttable presumption that all property acquired after marriage is community property, unless the contrary intention is expressed in the instrument by which the property is acquired.

Section 12391.07 provides that either the husband or the wife may contract with the other so as to convey his or her interest in the community property and vest his or her right, title, interest, or estate in the transferee, as the separate property of the transferee. Petitioner, on brief, seemingly argues that the property settlement contract of May 31, 1946, is, under section 12391.07, controlling as to the 1947 income from the separate properties of Murphey and petitioner. Rather obviously, we think, there is no merit in such a contention. That contract was designed to divide all of their property, community or otherwise, looking to the termination of the husband and wife relationship, which relationship was in fact terminated 4 days later by the decree of divorce on June 4, 1946. The contract was incident to the divorce and became effective on the date thereof. Certainly at that time there was no thought of remarriage, and we find no reasonable basis for saying that a subsequent division under section 12391.07 of community property acquired after remarriage and which was community property only because of the remarriage was even remotely within the contemplation of the parties in reaching their property settlement agreement of May 31, 1946. On the facts, it is our opinion that petitioner and Murphey made no contract under section 12391.07

covering the 1947 income from their separate properties, and we so conclude.

It is thus apparent, we think, that none of the above sections which are exceptions to the general rule prescribed by section 12391.04 lend any support to the petitioner's claim that only in the case of separate property acquired after marriage is the income therefrom to be regarded as community property.

On the other hand, section 12391.10 of the act, in our opinion, gives support to the conclusion above reached as to the scope of section 12391.04. By section 12391.10, it is provided that the wife, as agent for the community shall have the right to receive, manage, etc., "that portion of the community property which consists of her earnings, the rents, issues, income and other profits of her separate property," and that the husband, as agent for the community, shall similarly have the right to receive, manage, etc., all other community property, including "that portion of the community property which consists of his earnings, the rents, issues, income and other profits of his separate property and all other community property which shall stand in his name." It is thus to be noted that the income from the separate property of the spouses is referred to as community property without any qualification as to whether such separate property itself was acquired before or after marriage, which is in harmony with our interpretation of section 12391.04, to the effect that after marriage the income received from all of the separate property of the spouses was community income, regardless of whether the separate property itself was acquired before or after marriage.[2]

In the light of the above, it is accordingly our conclusion that the income from the separate property of Murphey was, under section 12391.04, the income of both petitioner and Murphey in equal interests, and that the respondent did not err with respect thereto in his determination of the deficiency herein. In the circumstances, we do not reach the question of estoppel, affirmatively pleaded by him.

Reviewed by the Court.

*Decision will be entered for the respondent.*

---

[2] The Legislature of Hawaii, at its Regular Session in 1949, repealed the community property law which it had enacted in 1945, insofar as prospective effect thereof was concerned. It amended certain sections of the prior community property statute to deal with the problems relating to property which had become community property during the period it was in force, stating specifically, however, that "Such repeal shall not operate to divest any interest in property which was acquired, established, accrued or vested prior to the effective date" of the repealing act. The amendment to the Federal Internal Revenue Code permitting a husband and wife, on a joint return, to arrive at their income by the so-called split-income computation method was made by the Revenue Act of 1948, which, by its terms, became effective May 1, 1948, and so far as we are advised, the 1949 Regular Session of the Legislature of Hawaii was its first session after May 1, 1948.